W. P. PIERCE v. C. C. BATTEN.

No. 52.

1. ADMINISTRATOR—*Power to Assign Mortgages.* An administrator cannot, without being duly authorized by the probate court, assign a mortgage, given to the deceased in his lifetime as indemnity to him as surety, to the principal creditor.

2. —— *Indemnity Mortgage Must be Listed and Appraised.* A mortgage given to indemnify a surety, since deceased, must be listed in the inventory of appraisement as a credit in the hands of the administrator, to be applied as an offset against the debit caused by the instrument upon which the deceased was surety.

3. —— *Replevin—Substitution for Plaintiff.* In an action of replevin, where the plaintiff has made a demand for the property, brought suit, given a bond, and has possession of the property, it is not error for the trial court to refuse to permit the substitution of the administrator as plaintiff, the administrator not having made a demand or given a bond.

4. —— *Indemnity Mortgage—Right of Possession.* After a creditor has foreclosed a chattel mortgage given to his surety who is now deceased, and had his rights determined and his claim established, he is entitled to the possession of the mortgaged property, and not before.

5. REPLEVIN—*Right of Possession Necessary.* A person who is not entitled to the possession of personal property cannot maintain an action of replevin therefor.

MEMORANDUM.— Error from McPherson district court; FRANK DOSTER, judge. Action in replevin by W. P. Pierce against C. C. Batten. Judgment for defendant. Plaintiff brings the case to this court.

Affirmed.    The opinion herein, filed December 7, 1895, states the material facts.

*John D. Milliken,* and *J. Marshall Lamer,* for plaintiff in error.

*Grattan & Grattan,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action in replevin brought in the district court of McPherson county by the plaintiff in error against the defendant in error to recover the possession of certain personal property.    The facts, briefly stated, are as follows : Batten gave his note to one Beach.    Isaac Partridge signed the note as surety for Batten, and Batten and wife gave a chattel mortgage on the above personal property to said Partridge to indemnify him as such surety.    Beach sold and assigned the note to Pierce.    Partridge died and John Lawson was duly appointed his administrator, but the estate was insolvent.    Pierce exhibited his demand to the probate court against the estate of said Partridge and his claim was allowed.    Lawson, as such administrator, without being first authorized by an order of the probate court, assigned the mortgage to Pierce.    Pierce demanded possession of the property of Batten, and upon his refusal to deliver brought this action.

It must be conceded that Pierce is in equity entitled to the benefit of the security held by Partridge, and it makes no difference that he did not in the first instance act upon the credit of such security or know of its existence. (*Seibert v. Thompson,* 8 Kan. 71, 72.) It must also be conceded that, after the maturity and default of the note, Partridge could have maintained replevin without having first paid the note. (*Bates v.*

*Wiggin,* 37 Kan. 44.) It follows that his administrator could also have maintained replevin.

This brings us to the pivotal point in this case: Can the administrator, without being first authorized by the probate court, assign a mortgage, given to the deceased in his lifetime as indemnity to him as surety, to the principal creditor? The powers and duties of administrators are clearly defined by the statutes of this state, and if the administrator has any such power it must be conferred by such statutes. Paragraph 2830 of the General Statutes of 1889 provides that the inventory of appraisement shall contain all mortgages belonging to the deceased. This paragraph clearly requires this mortgage to be listed. The statutes also provide for the entering of demands against the estate. The demand of Pierce was exhibited and allowed in accordance with the statutes. These two items, therefore, should have been shown as a debit and a credit in the hands of the administrator. Paragraphs 2847 and 2852, *id.,* both provide for the compromise of certain debts owing to the estate, but none of them are similar debts to this, and in each instance it must be done with the order or approbation of the probate court. No authority has been quoted to us, and we know of none, that will allow the administrator to assign such a mortgage without an order first being properly made by the probate court. We do not decide the question as to whether the probate court could make such an order, nor whether Partridge himself in his lifetime could have assigned the mortgage to Pierce, so as to authorize Pierce to maintain replevin prior to the foreclosure of the mortgage. It is not necessary to do so, for neither was done and they do not enter into this case.

The plaintiff contends that the court erred in refus-

ing, during the progress of the trial, to permit the administrator to be substituted as plaintiff. This ruling is correct. Pierce made the demand, brought the suit, gave the bond, and had possession of the property. The administrator had made no demand, had given no bond, and the property was in the possession of Pierce. The plaintiff in this case was not without his remedy. He could have brought suit upon his note against Batten and the estate of Partridge, setting forth the mortgage, and had the rights of all the parties thereto adjudicated in one suit. After having, in such an action, foreclosed the mortgage and established his claim, he would have been entitled to the possession of the property, but not before. A person who is not entitled to the possession of personal property cannot maintain an action of replevin therefor.

The judgment of the district court is affirmed.

All the Judges concurring.